NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Appellee,<br><br>v.<br><br>TYLA BROOKE SORRENTINO,<br><br>       Defendant - Appellant. | No. 23-4096<br><br>D.C. No.<br>2:22-cr-00499-CJC-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, Senior District Judge, Presiding

Submitted January 15, 2025[**]
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District
      Judge.[***]

Tyla Brooke Sorrentino (Sorrentino) appeals her sentence imposed after she

entered a guilty plea, pursuant to a plea agreement, to possession of fifteen or more

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

unauthorized access devices, possession of device-making equipment, possession of counterfeit currency, and possession of stolen mail. Sorrentino contends that the district court erred in imposing a supervised release condition providing that Sorrentino "shall not be self-employed nor be employed in a position that does not provide regular pay stubs with the appropriate deductions for taxes, unless approved by the Probation Officer." We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Sorrentino's sentence.[1]

Sorrentino contends that, under plain error review,[2] the district court procedurally erred because it did not adequately explain its imposition of a supervised release condition "implicat[ing] a particularly significant liberty interest." "Ordinarily, a district court need not state at sentencing its reasons for imposing each condition of supervised release, so long as its reasoning is apparent from the record." *Magdaleno*, 43 F.4th at 1221 (citation omitted). "There is an exception, however, for conditions that implicate a particularly significant liberty

---

[1] The government concedes that Sorrentino's challenge to the supervised release condition is not barred by the appellate waiver in the plea agreement.

[2] "Where a defendant fails to object to a condition of supervised release at sentencing, as [Sorrentino] concedes was the case here, we review that condition for plain error." *United States v. Magdaleno*, 43 F.4th 1215, 1221 (9th Cir. 2022) (citation omitted). "We will reverse under this standard only if there is an (1) error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (citation and internal quotation marks omitted).

interest. . . ." *Id.* (citation and internal quotation marks omitted).  Sorrentino does not cite to any precedent holding that a supervised release condition requiring approval of the probation officer prior to becoming self-employed implicates a particularly serious liberty interest.  *See United States v. Kirst*, 54 F.4th 610, 620 (9th Cir. 2022) (explaining that "[a]n error cannot be plain where there is no controlling authority on point") (citation omitted).  As a result, the district court was not required to provide additional explanation in imposing the condition because "its reasoning is apparent from the record." *Magdaleno*, 43 F.4th at 1221 (citation omitted).

Sorrentino contends that the district court's imposition of the supervised release condition was substantively unreasonable because the condition is not directly related to her offenses and is overbroad.  "As with our review of procedural error, we review the substantive reasonableness of a supervised release condition not objected to below for plain error." *Id.* at 1222 (citation and footnote reference omitted).  The district court's imposition of the supervised release condition was substantively reasonable based on the record. *See id.* (explaining that "[d]istrict judges enjoy broad discretion in fashioning the conditions needed for successful supervision of a defendant, and we owe substantial deference to the choices they make") (citation omitted).  Sorrentino acknowledges that, according to the Probation Office, the condition was recommended "based on [her] history

3                                                                23-4096

and characteristics," and because she "was self-employed when she committed the instant offense." Additionally, Sorrentino possessed numerous social security numbers, credit cards, debit cards, card readers, devices for making counterfeit currency, and "other indicia of serious identity theft" at her residence during her self-employment. Based on Sorrentino's offenses and underlying conduct, the district court did not plainly err in imposing a supervised release condition having "a reasonably direct relationship . . . between [Sorrentino's] occupation and the conduct relevant to the offense of conviction." *United States v. Stoterau*, 524 F.3d 988, 1009 (9th Cir. 2008) (citation, alteration, and internal quotation marks omitted).

The supervised release condition is also not overbroad. Contrary to Sorrentino's assertions, the supervised release condition is not a "blanket prohibition on self-employment." Instead, the condition permits her to engage in self-employment if "approved by the Probation Officer." "[T]he added limitation of requiring prior approval of the probation officer . . . ensures that" the supervised release condition is "no more restrictive than necessary." *United States v. Wells*, 29 F.4th 580, 592 (9th Cir. 2022).

**AFFIRMED.**

23-4096